UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:06-CR-72 |
| | ) | |
| MEKAELA MEADOWS, *ET AL.* | ) | |

# **O R D E R**

The defendant, Mekaela Meadows, has filed an objection to the Report and Recommendation of the United States Magistrate Judge recommending denial of the motions to suppress filed by defendants Meadows and Lanier.[1] [Doc. 64]. For the reasons which follow, the objection will be overruled and the motions to suppress denied.

The defendant sought to suppress evidence discovered as a result of the search of Rooms 233 and 235 at the Best Western Motel in Johnson City, Tennessee, both of which were rented to defendant Meadows. Though the search was pursuant to a warrant, the affidavit by which the warrant was obtained contained information the officer obtained by means of a earlier warrantless entry of room 233 at the request of the motel manager, who had been informed by his

---

[1] Defendant Lanier has not objected to the Report and Recommendation, and has since entered into a plea agreement and entered a plea of guilty.

maid staff, and observed himself, a substance cooking in the room, which he believed to be methamphetamine, or some other illegal drug. The defendant submits that the motel manager should not have requested, nor permitted, the officer's entry into the room without a warrant.

The Magistrate Judge concluded that exigent circumstances justified the entry of the officer into the motel room based on the risk of danger, relying upon *United States v. Johnson,* 22 F.3d 674, 680 (6th Cir. 1994). Specifically, the manager of the motel testified he contacted the police due to concerns about the danger to his staff and customers if methamphetamine were being manufactured in the room. The defendant submits that the concerns were unjustified, since a description of the cooking operation in the room by the manager should have led the officer to realize that the defendant was "only" cooking crack cocaine. The Magistrate Judge found this to be a distinction without difference, based upon the testimony of Agent Thompson that the manufacture of crack cocaine also involved the use of volatile chemicals, which in some instances, has led to fire and explosion.

After careful consideration of the record, the Court is of the opinion that the United States Magistrate Judge's factual summary is accurate and his conclusions are correct. Therefore, it is hereby **ORDERED** that the defendant

Meadow's objection to the United States Magistrate's Report and Recommendation is **OVERRULED**, the Report and Recommendation of the United States Magistrate Judge is **ADOPTED** and **APPROVED,** and the defendants' motions to suppress are **DENIED.** [Docs. 27, 45, 46, 63 and 64].

    **ENTER:**

                                      S/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE